Judge Owsley
delivered the Opinion of the Court.
The judgment to which this writ of error is prosecuted, was recovered by Anderson, in an action of covenant brought by him against John T. Mason, Richard M. James and Cave Johnson.
When the cause was called in the court helow, a motion was made by the counsel of Mason, in his absence, for a continuance, but the motion was overruled and exceptions taken to the opinion of the court. The first question that will therefore be noticed, involves the correctness of the refusal of that court to continue the cause.
The motion was predicated upon an affidavit made by Mason some days before the trial, and which Was sent by him to the court. In the affidavit, he states that his presence at the trial would be necessary to the. attainment of justice, and that he was apprehensive, owing to his ill health, he could not be at court when the cause should bo called, but there is nothing in the affidavit calculated to shew, that notwithstanding he was then indisposed, he might not have attended the trial without endangering his health, nor that he had employed the proper and necessary diligence in preparing for his defence, though he states there are persons by whom the material facts of his defence may be established.
It is scarcely necessary to remark, that in deciding upon the sufficiency of an affidavit for a continuance, no presumption favorable to the applicant is to be indulged. The facts upon which he intends to rest his application, must be within his knowledge, and it is not to be supposed, that in his affidavit lie would omit any thing favorable to himself, and which might in truth be stated; it is more natural to presume that lie would make the , best of his case, and state every thing calculated to effect a continuance. The statements contained in such an affidavid should, therefore, bo construed most *294 strongly against the applicant. But giving to the affidavit of Mason that construction which it most obviously imports, wo can have no hesitation in saying, that the court below was correct in refusing to continue the cause.
instruction to the jury, in an action on a covenant for iron on a named day, that it w»s in their discretion to in elude interest or not, cannot be romplainod of by defendant.
After the proper return on the capias, an attachment against the estate may go, which being levied on dcibndant’s property, judgment may bo taken. Seo 1 Monroe.
It must appear by tito oiTicer’s return on the attachment, that ihe nroperly seized belonged to defendant.
rfberiiF may amend his rci urn on e.n attachmont or other process as well after as before judgment— and at A sub-x sequent term;
*294 The next question for consideration controverts the correctness of an instruction which was given by the court to the jury in the progress of the trial. The action is founded upon a covenant for the payment of one thousand dollars, in bar iron, on a named day, and by the instruction complained of, the jury were told by the court, that it was within their discretion to give interest by way of damages. This opinion of the court is unquestionably as favorable to the defendants in lhat court, as it should have been. The amount of damages to be recovered, was to be assessed by the jury, and upon no legal principles could the court have given an instruction more favorable to the defendants than to ‘cave the jury at liberty, cither to give or withhold interest, in fixing the amount of damages.
There appears to have been no actual service of process upon the defendant James Johnson, hut after the proper return upon the capias as to him, an attachment issued against bis estate, and it was upon the return made by the sheriff on that attachment, without his having entered an appearance, that the trial was had and judgment recovered.
The next question, therefore, made by the assignment of errors involves the enquiry, whether or not the return made by the sheriff upon the. attachment authorized the judgment in favor of Anderson.
. The return, as originally made, undoubtedly did not. That return contained no statement, that the property attached belonged to James Johnson, against whom the attachment issued, and without such-a statement, the return upon an attachment was held insufficient in the case of Irons vs. Allen. Har. R. 44.
But since the judgment was rendered, the sheriff:'' obtained leave from (he court below, and amended his return, so that as the record now stands, th<s objection to the return is removed, if it he compe? *295 tbnfc under the leave of the court, given at á term subsequent to rendering judgment, for an amendment of the sort to be made by' the sheriff. No principie of practice is better settled, and none more frequently acted upon, than that which allows an officer, after he has made a rcfffrn upon process, hut before judgment, to supply any omission in his return by an amendment, and we perceive no reason, and know of no law, that even after judgment, forbids such amendments in support of ft judgment;
An order oí court disposing if (he at! inched effects, is not. necessary, either before or after jnrig. mont, for the statute is, the sheriff shall, after judgment, sell them as on &, . ft. f<>-
Costs amS, damages.,
Triplett for .plaintiffs; las. Trimble for defendant.
Rut at ihe term the judgment was rendered, no order was made by the court in .relation to the attached effects, and the next question made, controverts the correctness of the judgment on that ground'. "We do not, however, admit, that an omission of that-sort forms any cause for reversing the judgment. It was decided in the case of Craig, vs. Saven, Har. R. 46, to bo erroneous to issue an execution upon a judgment founded upon an attachment without first having legally disposed of the attached effects, and that decision appears to be supported by the provisions of the Act of Assembly «pon that subject. Exit were it even necessary to a disposition of the attached effects, that an order of court should be made, the omission to make such an order could not, we apprehend, vitiate the judgv ment — it might, under the decision to which we have referred, until made, suspend the perfect execution of the judgment, but the judgment would nevertheless be correct. We arc not, however, prepared to admit that any order of court is necessary to authorize a disposition of the attached effects. The officer derives his authority to attach the effects from the attachment, and according to the plain import of the act of assembly upon that subject, it becomes his doty, after judgment is recovered by the plaintiff, w ithout further process or directions from the court, to sell the attached effects in the same manner that he would be bound to sell .goods taken by a fieri facias.
The judgment must be affirmed, with cost and damages.